June 4, 2015

**To:**

Judge Gary Feinerman Office

Courtroom Deputy Jackie Deanes

**FILED**

JUN 0 8 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**From:**

Defendant John Doe, subscriber assigned to

IP address 98.215.68.133

    This is amendment to motion to quash submitted by me on 25th of February, 2015 in request to update the information provided for the Court against Plaintiff Malibu Media, LLC vs. John Doe with docket number assigned 1:14-cv-09865.

Respectfully submitted,

*John Doe*

veletur@gmail.com

June 4, 2015

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Civil Case No. 1:14-cv-09865

MALIBU MEDIA, LLC

    Plaintiff,

v.

John Doe, subscriber assigned to IP address 98.215.68.133

    Defendants

**FILED**

JUN 0 8 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### DEFENDANT JOHN DOE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant John Doe, ("Defendant") is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 98.215.68.133, John Doe. I am representing myself *Pro Se* in this matter before the Court. I understand that *Pro Se* litigants are required to follow the same rules and procedures as litigants represented by attorneys as seen in *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer. I hereby answer the Complaint of Malibu Media, LLC ("Plaintiff") as follows:

### Jurisdiction and Venue

1. Defendant denies the statements in paragraphs 1-7 of the complaint, due to lack of knowledge. According to the information, provided by the above mentioned Internet Service Provider (ISP), subscriber assigned Internet Protocol ("IP") address is different from the one provided by the Plaintiff.

### The Parties

2. Defendant denies the statements and allegations in paragraphs 8-10.

**Factual Background**

3.   **Defendant denies the statements and allegations in paragraphs 11-25.** Defendant never used or had files of the BitTorrent file distribution network installed on his property.

**Count 1 - Copyright Infringement**

4.   Defendant denies the statements in paragraphs 11-17, due to lack of knowledge.

5.   Defendant denies the allegations in paragraphs 18-25. Plaintiff's allegations are <u>only</u> based on the fact that Defendant is the Internet Service Provider (ISP) subscriber (pays the ISP bill) with subscriber assigned Internet Protocol ("IP") address 98.215.68.133. According to the information, provided by the above mentioned Internet Service Provider (ISP), as well as self-check at http://www.ipchicken.com subscriber assigned Internet Protocol ("IP") address is different from the one provided by the Plaintiff. Most ISPs, including the above mentioned, assign IP addresses on the dynamic basis, meaning that a subscriber does not keep the same address over time. Rather the IP address changes from time to time. There is no reasonable information to even suggest that Defendant is the offender; only that the Internet subscription is in his name. Plaintiff has made no due diligence efforts to identify the true infringer beyond seeking early discovery for ISP subscriber records. Defendant denies reproducing the works in copies, redistributing copies of the works, performing the copyrighted works, or "publically" displaying it.

6.   Defendant reserves the right to amend its answer to add defenses as information becomes available.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

a. For entry of a permanent injunction preventing Plaintiff from naming a defendant in this BitTorrent copyright infringement case and future ones base only on the fact that the ISP subscriber pays the Internet service bill. Plaintiff should be enjoined to conduct at least a basic investigation, to include depositions to determine who the actual infringer is. Naming a defendant based only on whom the ISP records disclose as the bill payer is wildly irresponsible.

b. Request the court "on its own" issue a show cause order (FRCP 11(c)(3)) to Plaintiff as to why it should not be sanctioned for providing factual contentions that have no evidentiary support or will likely have no evidentiary support after a reasonable opportunity for further investigation or discovery.

c. Request that if the court finds Plaintiff did violate FRCP 11(b), appropriate sanctions are imposed to deter future conduct by this Plaintiff or others Plaintiffs filing similar BitTorrent copyright infringement law suits.

d. **Request the court not to release any of ISP information related with subscriber assigned Internet Protocol ("IP") address 98.215.68.133.**

e. A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: 4 June 2015

Respectfully submitted,

John Doe

By: *[signature: John Doe]*
veletur@gmail.com